ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 MAY 30 P 2: 49

CLERK *S/McCarthy*
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| PAUL MAXWELL DUCASSE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 306-009 |
| | ) | |
| MICHAEL V. PUGH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs in part with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. While the Court agrees that Petitioner's "Motion to Request Case Status" is **MOOT** (doc. no. 7), because of events that occurred subsequent to the entry of the R&R, the Court need not reach a final decision on the R&R's recommendation that the instant petition be granted for the purpose of reconsideration of Petitioner's request for a *nunc pro tunc* designation. However, for the following reasons, the petition is **DISMISSED**, and this civil action shall be **CLOSED**.

To begin, the R&R reasoned that the instant petition was not subject to dismissal based upon Petitioner's failure to exhaust available administrative remedies because, on multiple occasions, the Bureau of Prisons ("BOP"), through its representatives, informed him that only a federal judge could grant him the relief he was requesting and directed him to

pursue his claim with this Court directly. Respondent takes issue with this determination, relying upon an unpublished Eleventh Circuit opinion. (See doc. no. 10, pp. 1-3 (citing Hicks v. Jordan, 165 Fed. Appx. 797 (11th Cir. Feb. 2, 2006)). Specifically, Respondent points out that in Hicks a petitioner's futility argument was rejected even though the petitioner, who was proceeding under § 2241 in an attempt to obtain a *nunc pro tunc* sentence designation to state custody, was informed by a Regional Inmate Systems Administrator ("RISA") that the BOP could not grant the relief he sought and that he "would have to go to federal court for such relief." 165 Fed. Appx. at 799. Thus, Respondent argues that Hicks mandates the dismissal of this action based upon lack of exhaustion. The Court disagrees.

The petitioner in Hicks was merely informed by the RISA that he would have to seek relief in the federal court. In this case, however, Petitioner was told repeatedly that the BOP could not grant him the relief he was seeking, and that he must address this Court directly. Petitioner received this information, not only from the RISA, but also in response to a grievance filed at McRae Correctional Facility ("MCF"), in response to an appeal of the grievance to the Warden at MCF, and in response to an appeal of the grievance to the Privatization Administrator at the BOP's Central Office. Unlike Hicks, Petitioner gave the BOP multiple opportunities to properly consider his request, as he exhausted every administrative remedy except his final appeal to the Office of the General Counsel.

Nevertheless, as noted by the R&R, the exhaustion issue is problematic because exhaustion of administrative remedies is jurisdictional with regard to a habeas corpus petition brought pursuant to 28 U.S.C. § 2241. (Doc. no. 8, p. 8). Notably, however, although an

2

exception to the exhaustion requirement has never been explicitly established in this Circuit, the Eleventh Circuit Court of Appeals has acknowledged instances in which such an exception has been recognized and applied in its sister circuits. See, e.g., Jaimes v. United States, 168 Fed. Appx. 356, 359 (11th Cir. Feb. 21, 2006) (citing Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*)).

Fortunately, in light of the information accompanying Respondent's objections to the R&R, Court need not render a definitive decision on the exhaustion issue. Following the issuance of the R&R, the BOP reviewed Petitioner's case in accordance with BOP Program Statement ("PS") 5160.05 and 18 U.S.C. § 3621(b),[1] as recommended by the R&R, and determined that a *nunc pro tunc* designation was not appropriate. (See doc. no. 10, Ex. B). As such, Petitioner has been granted the relief requested in his § 2241 petition - a proper review of his request for a *nuc pro tunc* designation by the BOP.

Furthermore, as the BOP followed the proper procedures in considering Petitioner's request after the entry of the R&R, "any further review of the [BOP]'s action will be limited to abuse of discretion[,]" Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990), as the Court "cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy." Taylor v. Sawyer, 284 F.3d 1143, 1149 (9th Cir. 2002) (citation omitted). Here, the BOP not only weighed the factors contained within 18 U.S.C. § 3621(b) and followed the dictates of PS 5160.05, the BOP did not consider inaccurate information during its review. (See doc. no. 10, Ex. B, pp. 1-2). With these

---

[1] The proper review procedures and the relevant factors to be considered under these sections are set forth in the R&R and will not be reiterated in this Order. (See doc. no. 8).

3

considerations in mind, the Court cannot discern, and Petitioner has not presented, any reason to suggest that the denial of Petitioner's request was an abuse of discretion.

In conclusion, as set forth above, the Report and Recommendation of the Magistrate Judge is **ADOPTED IN PART** as the opinion of the Court. Petitioner's "Motion to Request Case Status" is **MOOT** (doc. no. 7), the instant petition is **DISMISSED**, and this civil action shall be **CLOSED**.

SO ORDERED this 30th day of May, 2007, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE